## CHON ALVEREZ v. THE STATE.

### No. 3733. Decided October 27, 1915.

**1.—Local Option—Examination of Witness—Date of Offense—Limitation.**

Where, upon trial of a violation of the local option law, the State's witness had testified that he did not remember the day or the month of the alleged sale,

and the defense sought to show that the witness could not fix the date, and it appeared that the witness was an illiterate boy, there was no error in permitting the State in his re-direct examination of the witness to show that the purchase was made some time during this year, to bring the same within the period of limitations.

### 2.—Same—Newly Discovered Evidence—Motion for New Trial.

Where the motion for new trial, alleging newly discovered evidence, was not supported by affidavit, and did not show what the defendant expected to prove, there was no error in overruling the same.

Appeal from the District Court of Atascosa.   Tried below before the Hon. F. G. Chambliss.

Appeal from a conviction of a violation of the local option law; penalty, eighteen months in the penitentiary.

The opinion states the case.

No brief on file for appellant.

C. C. McDonald, Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was convicted of the offense of selling intoxicating liquors in prohibition territory, from which conviction he prosecutes this appeal.

There were no exceptions reserved to the charge of the court, and no special charges requested.   The only exception reserved to the introduction of testimony recites:

"Jim Dillard, a witness for the State, being on the witness stand under oath as a witness, the following questions and answers ensued, it being redirect examination of said witness: Q.   Jim, why did you tell me that was in January of this year? Mr. Brown: We object— (no ruling noted).   Witness: I told you I didn't know.   Q. What month was it?   A.   I don't know what month at all.   Q.   You know it was this year?   A.   Yes, sir.   Q.   You know it was before you came into the room—into the grand jury room?   A.   Yes, sir.   Q.   Was it before that time?   A.   Yes, sir.   Mr. Brown: We object to these questions trying to get this witness to tell something he doesn't know. The Court: Objection is overruled, proceed.   Mr. Brown: Note our exception.

"Which testimony was objected to by the defendant at the time it was offered, upon the following grounds, towit: The witness had testified as to his utter lack of knowledge as to the month and day on which the alleged sale of liquor was consummated.   The course of questioning by the district attorney was calculated to refresh the mind of the witness if possible without any recollection of the facts in the mind of the witness upon which to base any hope of direct knowledge in the memory of said witness.   Also the same was calculated to strengthen the witness in the minds of the jury, and to prejudice them against the defendant."

The witness had testified that he did not remember the day nor month.   On his cross-examination appellant had sought to show that

his remembrance of the occasion of the purchase was vague, and witness could not, or would not fix the date. It is shown he was a boy, who could neither read nor write, and very illiterate. To bring the date within the period of limitation it was permissible to show that the purchase was made some time during this year, and the testimony was not subject to the objections made.

In the motion for a new trial appellant states: "That this defendant has found new evidence in support of his own testimony, and new evidence to disprove the testimony of State's witness Jim Dillard, all of which he is willing to verify by affidavit of said witnesses, and would have their affidavits attached hereto, but for the fact that he has not had the time nor the opportunity to obtain the same by reason of the fact that said new witnesses live at such a distance from where this defendant has been kept in custody since the trial herein, that it has been impossible for him to secure said affidavits." This motion is not sworn to by appellant, nor any other person. It will be noticed he does not give the name of the witness or witnesses, nor what he expects to prove by the witness or witnesses. Under such circumstances there was no error in overruling this ground of the motion for a new trial. It was too vague and indefinite.

The judgment is affirmed.

*Affirmed.*